Jeraldine D. BRYANT, Plaintiff–
Appellant,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE, Defendant–
Appellee.

No. 91–8600.

United States Court of Appeals,
Eleventh Circuit.

July 28, 1992.

Jeraldine D. Bryant, pro se.

Chevene B. King, Jr., Albany, Ga., for plaintiff-appellant.

Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before KRAVITCH and DUBINA, Circuit Judges and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

Alleging a claim for race discrimination, Jeraldine D. Bryant filed a complaint in the district court naming as defendant the United States Department of Agriculture. The district court dismissed the complaint for lack of jurisdiction over a complaint against this agency. The proper party was the Secretary of Agriculture. The district court ruled the defect could not be cured by amendment because the limitations period for filing suit had expired before notice to the Secretary. Bryant argues for reversal on the ground the statute of limitations was equitably tolled while the district court was considering a motion of the *pro se* plaintiff for appointment of counsel and the relation back doctrine of Federal Rule of Civil Procedure 15(c) permits her to amend her complaint to add the proper defendant. We affirm.

Plaintiff Jeraldine D. Bryant was an employee of the Agricultural Stabilization and Conservation Service, United States Department of Agriculture (USDA). After filing two claims against the USDA, one alleging racial discrimination and the other alleging reprisal for filing the first claim, Bryant appealed the denial of relief to the EEOC.

On November 21, 1987, Bryant received an adverse decision from the EEOC along with a Notice of Right to File a Civil Action stating that Bryant had thirty days to file an action in the district court. *See* 42 U.S.C. § 2000e–16(c).[1] Therefore, in order to comply with the statutory requirements, Bryant was required to file an action by December 21, 1987. All of the dates in connection with the filings in this case are set forth in the APPENDIX to this opinion.

At the time of receiving the right-to-sue letter, Bryant experienced difficulty in retaining an attorney. Remaining without counsel, Bryant sent three communications to the district court on December 18, 1987, within the thirty-day period for filing suit: a letter stating that her claim had merit for stated reasons and attaching the final decision of the EEOC and the Notice of Right to File a Civil Action; a letter requesting the court to appoint counsel, enclosing four letters from attorneys stating that they could not represent her; and an affidavit in support of her request to proceed in forma pauperis.

On January 19, 1988, the district court denied Bryant's request to proceed in forma pauperis, but did not respond to her

---

**1.** Section 2000e–16(c) has since been amended to allow a plaintiff 90 days to file a complaint.

42 U.S.C. § 2000e–16 (Supp.1992).

request for an attorney. Bryant continued her search for representation without success. Not until over a year later, on January 31, 1989, did Bryant file a *pro se* formal complaint, apparently with some legal assistance. Her complaint named the USDA as the defendant. The United States Attorney was served with this complaint on March 3, 1989. This was apparently the first time that any person with the United States Government, who might be involved with the defense of the claim, knew of Bryant's claim. After filing an answer, the USDA filed a motion to dismiss on the grounds that the court lacked subject matter jurisdiction because Bryant had failed to name the proper party and that the complaint failed to state a cause of action upon which relief could be granted because it was not filed within the thirty-day limitations period.

After Bryant obtained legal representation, the district court granted an extension of time in which to respond to the USDA's motion to dismiss. Following the filing of a response, along with affidavits and letters from several attorneys that Bryant had contacted, Bryant's counsel withdrew from the case. The court wrote Bryant inquiring whether she would stand on the pleadings already filed, retain new counsel, or proceed *pro se*. Bryant informed the court that she would stand on the filed pleadings. The court then dismissed the action and Bryant appealed. She has counsel on appeal.

Bryant does not fault the finding that the proper party was not named in her January 31, 1989 complaint or in her letter a year earlier to the court. The statute clearly provides "the head of the department, agency, or unit.... shall be the defendant" in Title VII civil actions brought by employees of the federal Government. Title 42 U.S.C. § 2000e–16(c). Nor does Bryant dispute the statutory requirement that such suits must be brought within thirty days of the receipt of the right-to-sue letter from the EEOC.

She contends, rather, that her December 18, 1987 correspondence to the district court constituted the filing of a timely complaint, or that her January 31, 1989 complaint should be regarded as timely because the thirty-day limitation period was equitably tolled, and that an amendment naming the correct party defendant should relate back to the filing of such timely complaint. Since her arguments regarding the filing of a timely complaint both fail, we need not address her relation back argument.

█ Bryant first asserts that her letter of December 18, 1987 met the requirements of a timely complaint. This letter arguably contains more than just the filing of a right-to-sue letter which the Supreme Court has squarely held not to constitute commencement of an action under 42 U.S.C. § 2000e–5(f)(1). *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 150 n. 4, 104 S.Ct. 1723, 1725 n. 4, 80 L.Ed.2d 196 (1984). Even if it could have constituted a complaint, however, it would no longer have validity. Bryant never paid a filing fee in connection with this letter, although payment was required after the January 19, 1988 order of the district court denying leave to proceed in forma pauperis. In addition, since these papers were never served, dismissal would be required under Federal Rule of Civil Procedure 4(j). Finally, the plaintiff herself did not deem this a filing of a complaint because she filed a formal complaint, paid a filing fee, and obtained service of a summons almost fifteen months later in 1989. We therefore conclude that her initial communication with the district court did not serve as the filing of a complaint.

█ Bryant alternatively argues the thirty-day limitations period should be tolled until the court rules upon her request for assistance in obtaining counsel. A favorable ruling on this issue could have two effects since the district court has never formally responded to Bryant's request for counsel. First, it might mean that the thirty-day statute has been tolled from the date of the filing of her request, so that a complaint naming the proper party would now be timely. Second, it could mean that the district court's denial of leave to amend was based on an erroneous premise: that

the limitations period passed prior to notice to the defendant.

■ In our judgment, however, equitable tolling does not properly apply in this case. It is clear that the thirty-day period for filing a Title VII action is not jurisdictional but is akin to a statute of limitations and is subject to equitable tolling. *Irwin v. Veterans Administration,* —— U.S. ——, 111 S.Ct. 453, 459, 112 L.Ed.2d 435 (1990). This Court has previously applied equitable tolling to the time taken by a trial court to decide a motion for appointment of counsel filed within the statutory time limit. *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544 (5th Cir.1978).[2] *See also Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir.1972) (district court's order disposing of motion for counsel should set reasonable time for filing when after decision on motion the time remaining is unreasonably short for securing lawyer and filing complaint); *Harris v. National Tea Co.,* 454 F.2d 307 (7th Cir.1971) (time was equitably tolled when court first improperly denied request for attorney, and statute again commenced to run when court appointed an attorney upon plaintiff's second request). In addition, the Supreme Court has recognized that a motion for appointment of counsel might justify tolling the statutory period until the motion is acted upon. *Baldwin County,* 466 U.S. at 151, 104 S.Ct. at 1725–26.

Nevertheless, in those cases where equitable tolling has been applied while a motion for appointment of counsel was pending, the district courts generally ruled on the plaintiff's motion before or shortly after the expiration of the statutory period for filing, and equitable tolling was applied to allow the plaintiff additional time to file a formal complaint. Here, the district court denied Bryant leave to proceed in forma pauperis and there is nothing in the record that could lead Bryant to believe that the court was still considering her request for counsel. No inquiry was made of the court and there was no further communication that would indicate to the court

that the plaintiff was willing to pay a filing fee and proceed with the litigation. Not until the formal complaint was filed thirteen months later is there any indication in the court file that the plaintiff was not dropping her suit because of a filing fee requirement.

We disagree with Bryant's contention that she was not required to take any further action after the filing of her motion. It is not unusual for plaintiffs who are denied in forma pauperis status to decide not to proceed with the litigation at their own expense. Assuming without deciding that the court order denying in forma pauperis status was not also an implicit refusal to appoint an attorney to represent Bryant under 28 U.S.C. § 1915(d), it is unreasonable to expect that the district court would still have that request under consideration without knowing whether plaintiff was willing to pay the costs of the litigation. Equity would require that Bryant take some action after the court's order of January 19, 1988, other than to continue her own private search for an attorney. We have found no case in which the actions or inactions of the plaintiff alone have provided a basis for the application of equitable tolling to a limitations period. The Supreme Court has clearly held that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants, and the principle of equitable tolling does not extend "to what is at best a garden variety claim of excusable neglect." *Irwin v. Veterans Administration,* —— U.S. ——, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). Such is the case here. This Court has ruled that where the plaintiff's failure to file was caused by plaintiff's own negligence, the limitations period will not be equitably tolled. *Smith v. McClammy,* 740 F.2d 925 (11th Cir.1984).

Our decision that Bryant has failed to file a timely complaint controls the argument that an amendment naming the proper party would relate back to a timely filed complaint. Because neither Bryant's initial

**2.** *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (Eleventh Circuit bound by decisions of former Fifth Circuit prior to October 1981).

correspondence with the district court nor her formal complaint constituted the timely filing of a complaint, the relation back doctrine is of no assistance to Bryant.

There being no timely filed complaint, the district court correctly ruled that the jurisdictional defect in the complaint could not be cured by amendment.

AFFIRMED.

## APPENDIX

July 6, 1985—Bryant filed a complaint with the USDA alleging racial discrimination.

November 27, 1985—Bryant filed another formal administrative complaint with the USDA alleging reprisal for her July 1985 charges.

February 27, 1987—USDA issued its final decision denying relief.

November 19, 1987—Office of Review and Appeals (ORA) of the EEOC issued its final decision upholding the USDA's decision.

November 21, 1987—Bryant received the EEOC final decision with a Notice of Right to File a Civil Action stating that Bryant had thirty days to file an action in the district court.

December 18, 1987—Bryant wrote to the district court requesting right to proceed in forma pauperis and appointment of counsel.

December 21, 1987—Date Bryant was required to file an action in order to comply with the statutory requirement.

January 19, 1988—District court denied Bryant's request to proceed in forma pauperis, but did not respond to her request for an attorney.

January 31, 1989—Bryant filed a *pro se* formal complaint, apparently with some legal assistance, naming United States Department of Agriculture as defendant.

March 3, 1989—The United States Attorney was served.

June 9, 1989—The USDA filed a motion to dismiss on the ground that the court lacked subject matter jurisdiction because Bryant had failed to name the proper party and that complaint failed to state a claim upon which relief could be granted because complaint was not filed within the 30–day limitations period.

July 12, 1989—District court issued an order granting the motion to dismiss but subsequently vacated and granted Bryant an extension of time in which to respond to the USDA's motion to dismiss.

September 6, 1989—Bryant filed a response along with affidavits and letters from several attorneys she had contacted.

November 6, 1989—When counsel withdrew from case, the court wrote Bryant inquiring whether she would stand on the pleadings already filed, retain new counsel, or proceed pro se.

January 6, 1990—Bryant informed the court that she would stand on the filed pleadings.

May 23, 1991—USDA moved to reinstate the court's previous order granting its motion to dismiss.

June 3, 1991—Court dismissed the action. Bryant timely appealed.