7 F.3d 238
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James C. FLEMING, Plaintiff-Appellant,
v.
ALCOA BUILDING PRODUCTS, Defendant-Appellee.
 No. 93-1092.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 5, 1993.*
Decided Oct. 6, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James C. Fleming ("Fleming") filed a race discrimination claim against Alcoa Building Products ("Alcoa"). 42 U.S.C. § 2000(e). The district court entered judgment in favor of Alcoa because Fleming's complaint was untimely. We affirm.
 
 
 2
 On January 9, 1992 the Equal Employment Opportunity Commission ("EEOC") issued Fleming a notice of right-to-sue letter on his race discrimination and retaliation charges. The notice expressly stated that if Fleming chose to commence a civil action, Fleming "MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE OTHERWISE YOUR RIGHT TO SUE IS LOST." Fleming received the notice on January 9, 1992. Fleming did not file anything with the district court on or before April 8, 1992, the 90th day after Fleming received the notice. On July 20, 1992, the 193rd day after receipt of the notice, Fleming filed a complaint in the district court.
 
 
 3
 This court reviews the record de novo to determine whether there is a genuine issue of material fact and whether the law was applied correctly. Lett v. Magnant, 965 F.2d 251, 255 (7th Cir.1992). Under Title VII, "a civil action may be brought against the respondent named in the charge" within 90 days after issuance of the notice of right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1). Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. The time limitations of Title VII are not jurisdictional requirements and are subject to equitable tolling. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990). When a plaintiff does not file a complaint within 90 days of receipt of he notice, the Title VII action is time-barred absent special circumstances which give rise to waiver, estoppel, or equitable tolling of the limitations period. Anooya v. Hilton Hotels Corp., 733 F.2d 48, 49 (7th Cir.1984).
 
 
 4
 Fleming asserts that equitable tolling is appropriate because of alleged misrepresentations by Fleming's attorney concerning the limitations period and the attorney's subsequent financial inability to pay damages. The Supreme Court has set forth a nonexclusive list of situations in which equitable tolling is applicable, none of which is present in this case. Fleming did not "actively pursu[e] his judicial remedies by filing a defective pleading during the statutory period." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990). Nor has Fleming been deceived by Alcoa into allowing the filing deadline to pass. Id. Fleming did not receive inadequate notice from the EEOC. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984). There was no pending motion for appointment of counsel filed by Fleming during the statutory period which would justify equitable tolling. Id. Finally, the district court did not lead Fleming to believe that he had done everything required by the statute. Id.
 
 
 5
 Fleming proposes an additional exception to the statutory 90-day period applicable when the plaintiff's counsel misrepresents the statutory time period to the plaintiff and is subsequently financially unable to pay damages.[1] Fleming has cited no decision of any federal court in support of this proposition and instead relies upon general equitable considerations. The above situations in which equitable tolling has been applied, however, share the common thread of conduct by a defendant, the EEOC, or the district court that justifies tolling. No such conduct by these participants occurred here. Further, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Id. Fleming did not act diligently in this case. The notice of right-to-sue letter conspicuously informed him of the 90-day limitation period, and Fleming filed no complaint in the district court for 193 days.
 
 
 6
 Fleming asserts that his lack of diligence should be excused because of alleged misrepresentations by Fleming's attorney concerning the limitations period. This argument is without merit. In this Circuit an attorney's conduct is imputed to the client in any context. United States v. Di Mucci, 879 F.2d 1488, 1496 (7th Cir.1989). This ensures that both clients and lawyers comply with all applicable laws. Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir.1986). As we stated in Tolliver, if an attorney's neglect could protect the client from its unfortunate consequences, such neglect would become a "free good," protecting both the client and the lawyer. Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Fleming asserts that the district court erroneously found that he was not represented by counsel during the 90-day period. Our analysis would be unaffected even if Fleming was not represented by counsel during the 90-day period because the Supreme Court has indicated that a plaintiff's pro se status alone is not an independent basis for applicability of the equitable tolling doctrine. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984). The Eighth and Eleventh Circuits have refused to equitably toll limitations periods simply because the plaintiff was not represented by counsel. Bryant v. United States Dept. of Agric., 967 F.2d 501, 504 (11th Cir.1992); James v. United States Postal Serv., 835 F.2d 1265, 1267 (8th Cir.1988). Fleming's pro se status during the 90-day period thus is not a material fact