[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14091

Non-Argument Calendar

_____

ODILANCE SILIEN,

                                        Plaintiff-Appellant,

*versus*

WASTE MANAGEMENT, INC. OF FLORIDA,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81531-WPD

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Odilance Silien appeals the district court's dismissal of his amended complaint against his former employer, Waste Management, Inc. of Florida, asserting race discrimination and retaliation claims arising under 42 U.S.C. § 1981. The district court concluded that it was apparent from the face of the amended complaint that Silien's claims were time-barred. After careful review, we affirm.

**I.**

Silien, a Black man of Haitian national origin, worked as a truck driver for Waste Management for nearly 30 years. In March 2018, Waste Management terminated his employment.

Nearly three years later—in February 2021—Silien sued Waste Management in Florida state court. He alleged that his supervisor "regularly berate[d]" him and treated him less favorably than White employees. Doc. 1-2 at 6.[1] In the complaint, Silien asserted a single claim for race discrimination arising under the Florida Civil Rights Act ("FCRA"). *See* Fla. Stat. § 760.10(1)(a). He alleged that he had filed a charge of discrimination with an administrative agency before filing suit. According to the complaint, "[o]n or about April 17, 2019," Silien "filed a timely charge of employment discrimination with the" Equal Employment Opportunity Commission ("EEOC"). *Id.* The complaint also alleged that "[a]ll

---

[1] "Doc." numbers refer to the district court's docket entries.

conditions precedent for the filing of this action before this Court [have] been previously met, including the exhaustion of all pertinent administrative procedures and remedies." *Id.*

Waste Management moved to dismiss the complaint. It argued that the allegations in the complaint showed that Silien was terminated in March 2018 and filed a charge of discrimination with the EEOC in April 2019. Because Silien failed to file an administrative charge of discrimination within one year of his termination, Waste Management said, his FCRA claim was time-barred. *See Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894 (Fla. 2002) (explaining that "[a]s a prerequisite to bringing a civil action based upon an alleged violation of the FCRA," a plaintiff must file an administrative complaint "within 365 days of the alleged violation").

For more than a year, Silien filed nothing in response to Waste Management's motion to dismiss. In September 2022, the state court entered an order setting the case for a status conference. A few days later, Silien filed an amended complaint.

In the amended complaint, Silien repeated many of the same allegations about his supervisor "berat[ing]" him and treating him less favorably than employees of other races. Doc. 1-2 at 27. But rather than asserting a race discrimination claim under FCRA, the amended complaint asserted claims for race discrimination and retaliation under 42 U.S.C. § 1981. The amended complaint included no allegation about when Silien filed a charge of discrimination with the EEOC.

After Silien filed the amended complaint, Waste Management removed the case to federal court. It then moved to dismiss the amended complaint, again arguing that Silien's claims were untimely. It explained that a four-year limitations period applied to § 1981 claims. Because Silien was terminated in March 2018, the limitations period for his § 1981 claims expired in March 2022. But he did not bring the § 1981 claims until September 2022.

Silien opposed the motion to dismiss. He argued that his § 1981 claims were not time-barred because they related back to the original complaint, which was filed in February 2021, within the four-year limitations period.

Waste Management argued that the relation-back doctrine did not apply. It acknowledged that an amended pleading could be timely under the relation-back doctrine when the amendment was made to a "timely filed claim that involved the same facts and circumstances." Doc. 14 at 3 (emphasis omitted) (internal quotation marks omitted). But because Silien waited more than one year after his termination to file his charge of discrimination with the EEOC, Waste Management argued, the original complaint was time-barred and thus the relation-back doctrine did not apply.

The district court granted Waste Management's motion to dismiss. The court concluded that it was apparent from the face of the amended complaint that the § 1981 claims were untimely because Silien filed them in September 2022, more than four years after he was terminated. Although the original complaint was filed within four years of Silien's termination, the court determined that

22-14091                Opinion of the Court                5

the relation-back doctrine did not apply. It explained that the original complaint was itself untimely because the face of that pleading showed that Silien did not file his charge of discrimination with the EEOC until April 2019—more than a year after he was terminated.[2]

This is Silien's appeal.

## II.

We review *de novo* a district court's dismissal based on the statute of limitations. *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1319 (11th Cir. 2021). We also review *de novo* a district court's determination about whether an amended complaint related back to the date of the original complaint. *Mungin v. Sec'y, Fla. Dep't of Corr.*, 89 F.4th 1308, 1321 (11th Cir. 2024).

A "dismissal for failure to state a claim on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Karantsalis*, 17 F.4th at 1319–20 (internal quotation marks omitted). In reviewing a dismissal, we accept "well-pleaded factual allegations as true and constru[e] them in the light most favorable to the plaintiff." *Einhorn v. Axogen, Inc.*, 42 F.4th 1218, 1222 (11th Cir. 2022); *see Karantsalis*,

---

[2] In its motion to dismiss the amended complaint, Waste Management also argued that Silien failed to state a claim under § 1981 for race discrimination or retaliation. The district court agreed and concluded, in the alternative, that the amended complaint was due to be dismissed because Silien failed to state a claim for relief. Because we affirm the dismissal on statute of limitations grounds, we do not address whether the amended complaint stated a claim under § 1981 for race discrimination or retaliation.

17 F.4th at 1319. But "conclusory allegations . . . will not prevent dismissal." *Einhorn*, 42 F.4th at 1222 (internal quotation marks omitted).

### III.

The central issue in this appeal is whether it was apparent from the face of the amended complaint that Silien's § 1981 discrimination and retaliation claims were time-barred. Section 1981 "prohibits intentional race discrimination in the making and enforcement of . . . employment contracts." *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022) (internal quotation marks omitted). The parties agree that a four-year limitations period applies to § 1981 claims. It is clear from the face of the amended complaint that Silien raised the § 1981 claims more than four years after his termination, so the claims were untimely.

Silien nevertheless argues that these claims were timely under the relation-back doctrine. "Relation back is a legal fiction employed to salvage claims that would otherwise be unjustly barred by a limitations provision." *Caron v. NCL (Bah.), Ltd.*, 910 F.3d 1359, 1368 (11th Cir. 2018). Federal Rule of Civil Procedure 15(c) provides that an amendment to a pleading "relates back" to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

But an amended pleading relates back only when the original pleading itself was timely filed. *See Bryant v. U.S. Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992). In *Bryant*, an employee of the

United States Department of Agriculture ("USDA") complained of racial discrimination and retaliation to the EEOC. *Id.* at 502. After the EEOC denied the employee relief, she had 30 days to bring Title VII claims against the head of the USDA. *Id.* (citing 42 U.S.C. § 2000e-16(c) (amended 1991)). But the employee, who was proceeding *pro se*, did not file her complaint until more than a year after the EEOC's decision. *Id.* at 503. The district court dismissed the complaint because the employee had failed to sue the proper defendant when she had named the USDA, not its head, as the defendant. *Id.* (citing 42 U.S.C. § 2000e-16(c)).

On appeal, the employee asked for an opportunity to file an amended complaint that named the proper defendant. *Id.* She asserted that this amended complaint would be timely because it would relate back to her original complaint. *Id.* We rejected this argument, explaining that because the original complaint was not timely filed, an amended complaint naming the proper defendant would not relate back. *Id.* at 504–05; *see also Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 762 (11th Cir. 1995) (concluding that a retaliation claim raised for the first time in an amended complaint did not relate back to an age discrimination claim in the original complaint because the discrimination claim was "not timely filed").

Here, the relation-back doctrine does not apply. The FCRA requires a plaintiff to file an administrative charge of discrimination within one year of the complained-of employment decision. *See* Fla. Stat. § 760.11(1). It is apparent from the face of the original complaint that Silien failed to file his EEOC charge during this one-

year period. Because Silien's original complaint was time-barred, he could not rely on the relation-back doctrine.

For the first time on appeal, Silien argues that we should ignore the original complaint's allegation that he filed his charge of discrimination with the EEOC in April 2019 because the allegation was incorrect. He now says that he actually filed the charge in June 2018—within one year of his termination. In effect, Silien seeks to amend his original complaint on appeal to correct the allegation about when he filed a charge with the EEOC. But a "plaintiff cannot amend [his] complaint on appeal." *Durango-Ga. Paper Co. v. H.G. Estate, LLC*, 739 F.3d 1263, 1272 n.23 (11th Cir. 2014).[3]

Because the district court correctly concluded that Silien's § 1981 claims were time-barred, we affirm.

**AFFIRMED.**

---

[3] Silien argues that we should not consider the allegation in his original complaint that he filed a charge of discrimination with the EEOC in April 2019 for another reason as well: because he also alleged in that pleading that he satisfied "[a]ll conditions precedent for the filing of this action." Doc. 1-2 at 6. But we need not accept this conclusory allegation when the complaint included more specific allegations, which showed that he failed to timely file an administrative charge of discrimination. *See Einhorn*, 42 F.4th at 1222 (explaining that "conclusory allegations . . . will not prevent dismissal" (internal quotation marks omitted)).