Theola A. JARRETT, Plaintiff–Appellant,

v.

US SPRINT COMMUNICATIONS COMPANY, Defendant–Appellee.

No. 92–3417.

United States Court of Appeals, Tenth Circuit.

April 26, 1994.

---

Karon D. Ramsey, Kansas City, MO, for plaintiff-appellant.

J. Nick Badgerow, Spencer Fane Britt & Browne, Overland Park, KS, for defendant-appellee.

Before MOORE, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and COOK, Senior District Judge.*

H. DALE COOK, Senior District Judge.

The parties have agreed that this case may be submitted for decision on the briefs. *See* Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.

■ The plaintiff-appellant appeals from the district court's order granting defendant's motion to dismiss. The factual background is as follows. Plaintiff received her Right–to–Sue notice from the EEOC on July 31, 1990. Pursuant to 42 U.S.C. § 2000e–5(f)(1), one has ninety days from the receipt of such notice in which to bring a Title VII claim. On October 25, 1990 (i.e., within the 90–day limitation) plaintiff submitted to the U.S. Court Clerk a form complaint alleging discrimination, a form request for appointment of counsel, and a form request to proceed *in forma pauperis* (IFP). The court clerk did not file these items of record. The district court denied plaintiff's request for pauper status on October 29, 1990 but did not rule upon the request for appointment of counsel. The order of denial does not state a reason, but we note that plaintiff listed sources of income from social security and disability benefits and the ownership of a three-bedroom house worth $80,000.00. The denial of the IFP request has not been raised as an issue on appeal. On April 11, 1991, over five months after the denial of IFP status, plaintiff paid the filing fee and her complaint was officially filed by the Court Clerk's office. Plaintiff took no action to obtain issuance or service of summons.

On August 1, 1991, plaintiff filed a First Amended Complaint, which alleged violations of Title VII, 42 U.S.C. §§ 1981, 1983, 1985 and a pendent state law claim. She also obtained issuance of a summons. This was

* Honorable H. Dale Cook, Senior Judge for the United States District Court for the Northern District of Oklahoma, sitting by designation.

the first notice to defendant of the lawsuit. Defendant filed an answer to the First Amended Complaint on September 10, 1991 and filed a motion to dismiss the action on January 10, 1992. One basis for dismissal asserted as to the Title VII claim was that plaintiff "failed to file suit within the period prescribed by statute following receipt of the Notice of Right to Sue letter." Plaintiff filed a Second Amended Complaint on January 23, 1992 which added a claim for alleged violation of 42 U.S.C. § 1982.

On May 22, 1992, the district court granted defendant's motion to dismiss as to all counts. The basis for the dismissal of the Title VII claim was that it was time-barred by the statute of limitation, the complaint not having been filed within the 90–day requisite period. Plaintiff then filed a motion to reconsider, which was denied by order of October 20, 1992. Plaintiff has only appealed as to the Title VII claim, although in the conclusion to appellant's opening brief she also asks this court to vacate the dismissal of the state law claim, which result would necessary follow, inasmuch as the basis for dismissal of that claim was absence of federal jurisdiction. The district court's initial order of dismissal erroneously stated that the court had denied both the IFP motion and the request for counsel by order of October 29, 1990, when in fact the motion for appointment of counsel was still pending. The court acknowledged the error in denying plaintiff's motion to reconsider, but ruled that the 90–day limit was tolled only as long as the IFP motion was pending and that the mere pending of a motion for appointment of counsel did not toll the statute of limitation. This appeal followed. As purely legal issues are present-ed, our review is de novo. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

First, we must address whether the filing fee requirement of 28 U.S.C. § 1914 is of a jurisdictional nature. The district court below implicitly held that it is by accepting the date of formal filing as the date of commencement under Fed.R.Cv.P. 3. Circuit court authority exists holding that it is not. See Wrenn v. American Cast Iron Pipe Co., 575 F.2d 544, 547 (5th Cir.1978).[1] The court in Rodgers on Behalf of Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir.1986), being bound by Fifth Circuit precedent, necessarily followed this prior ruling and went on to hold that a complaint is "filed" for statute of limitations purposes when it is in the actual or constructive possession of the clerk, regardless of the untimely payment of the required filing fee.[2] The Seventh Circuit has made a similar ruling in connection with a Title VII case in Gilardi v. Schroeder, 833 F.2d 1226, 1233 (7th Cir.1987). However, the same court later ruled that a complaint was not filed constructively prior to payment of the filing fee, despite being in the court clerk's custody. Robinson v. America's Best Contacts and Eyeglasses, 876 F.2d 596, 598 (7th Cir.1989). The two cases are factually distinct in that Gilardi addresses "filing" for purposes of Fed.R.Cv.P. 3 while Robinson concerns when a complaint is deemed filed under Fed.R.Civ.P. 4(j), but it is unclear why the two rules would mandate different results. The same court broaches the issue in Smith–Bey v. Hospital Administrator, 841 F.2d 751, 757 n. 5 (7th Cir.1988), but we need not make such a distinction under the facts of this case.

There is district court authority supporting either argument as well. Favoring the "con-

---

1. The appellee has suggested that Wrenn was overruled by Firle v. Mississippi State Dept. of Education, 762 F.2d 487 (5th Cir.1985). This is incorrect. Rather, Firle recognized that the portion of Wrenn which held that the filing of an EEOC right-to-sue letter with the court is sufficient to commence an action was overruled by Baldwin County Welcome Center v. Brown, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). The portion of Wrenn upon which appellant relies, that payment of a filing fee is not jurisdictional, is unaffected by Baldwin County.

2. The Ninth Circuit has also recognized such a "constructive filing" concept when a complaint arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements of local rules. However, the failures addressed have involved such matters as paper length (Loya v. Desert Sands Unified School Dist., 721 F.2d 279 (9th Cir.1983)) and failure to punch holes in the complaint or to include a copy of the civil cover sheet (Cintron v. Union Pac. R. Co., 813 F.2d 917 (9th Cir.1987)). Clearly, the filing fee requirement, even if not jurisdictional, is not of this trivial nature.

structive filing" concept is, for example, *Bolduc v. United States*, 189 F.Supp. 640 (D.Maine 1960). Notable for the contrary view are *Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533, 537–539 (N.D.N.Y.1989) and *Keith v. Heckler*, 603 F.Supp. 150, 156–157 (E.D.Va.1985). This court has not previously spoken on the issue.[3]

The rationale behind "constructive filing" is obvious. Suppose a litigant presents a complaint and IFP petition to the court clerk within the statute of limitation period, but the court clerk does not officially file the complaint. Then, the district court does not rule on the IFP petition until after the limitation period. Even if pauper status is granted, the complaint will not be timely filed. Accordingly, to preserve the litigant's rights, courts have deemed the complaint "filed" upon presentation to the court clerk when accompanied by an IFP motion, so that the formal filing "relates back"—upon grant of pauper status—to the "lodging" of the complaint with the clerk. Such a legal fiction was employed by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), holding that a prisoner's notice of appeal is "filed" when it is given to prison authorities for mailing to the district court. The fiction is not troublesome when the IFP petition is *granted;* the complaint is filed and the case proceeds. The thorny issue, as in this case, arises when the litigant is *denied* leave to proceed IFP. We articulate no absolute rule, but leave the matter to each district court, within the bounds of § 1914. If the District of Kansas does not formally file a complaint until the filing fee is paid, such action does not violate the statutory provision and is notice to a plaintiff that the filing fee requirement is enforced. We hold that the fiction of "constructive filing" only exists until the IFP motion is ruled upon. Courts have acknowledged the concomitant issue: if the IFP peti-

tion is denied, should the plaintiff be permitted a "grace period" in which to pay the filing fee, during which time "relation back" is still available? *See, e.g., Johnson v. Brown,* 803 F.Supp. 1414, 1419 (N.D.Ind. 1992) ("Undoubtedly, there are limits to the rule stated in [*Rodgers on Behalf of Jones v. Bowen,* 790 F.2d 1550 (11th Cir.1986) ]; a plaintiff should not be allowed to wait many months or years between submission of the complaint and compliance with the filing fee requirement.") Again, we establish no bright-line rule for all cases. Here, plaintiff waited over five months after denial of IFP status to pay the filing fee. This represents, in effect, a "fresh" ninety-day time period and over two additional months for good measure. We conclude, under the facts of this case, that this was an unreasonable amount of time in which to tender the filing fee. The mere filing of an IFP motion should not permit a litigant to more than double the amount of time established by Congress for the commencement of a Title VII action. Thus, we hold that the formal filing of April 11, 1991 does not "relate back" to the "constructive filing" of October 25, 1990 to constitute timely filing of the complaint.

■ We next turn specifically to the effect of the IFP petition on the ninety-day period itself. Plainly, the statute of limitation is tolled while the IFP petition is pending. *See Paulk v. Department of Air Force,* 830 F.2d 79, 83 (7th Cir.1987). Here, the district court ruled upon the application expeditiously, denying the petition within four days of its filing. Therefore, we hold that the 90–day limitation period was only tolled for those four days, and the additional three days required by Fed.R.Civ.P. 6(e). On the general issue posed, Tenth Circuit precedent exists which must be consulted. The ninety-day filing limit is not jurisdictional, but is a

**3.** The *Keith* court found that it was "[c]ritical to the determination" that its district court had a local rule which required advance payment of filing fees pursuant to 28 U.S.C. § 1914(c). 603 F.Supp. at 156. The parties to the present appeal have not addressed this point, but we note that another district judge in the district appealed from has recently written that "[u]nlike some districts, the local rules for the District of Kansas

do not contain a provision requiring the parties to pay the filing fee in advance." *Burnett v. Perry Manufacturing, Inc.,* 151 F.R.D. 398, 402 (D.Kan. 1993). However, it is apparent from the facts of this case that the court clerk for the District of Kansas does have a policy, albeit unwritten, to withhold formal filing until the fee is paid. Instead, the proposed pleadings are date-stamped and stamped "Received." .

requirement that, like a statute of limitation, is subject to waiver, estoppel and equitable tolling. *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir. 1983). No questions of waiver or estoppel are present under these facts, and we have taken a strict view of what necessitates equitable tolling. In this circuit, a Title VII time limit will be tolled *only* if there has been active deception of the claimant regarding procedural requirements. *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992). For example, in *Carlile v. South Routt School Dist. RE 3–J*, 652 F.2d 981 (10th Cir.1981), the district court entered an order stating that the case would be deemed commenced as of the date plaintiff filed a motion to proceed IFP. Plaintiff's appointed counsel relied on the order. *Id.* at 986. Under those facts, we rejected dismissal of the complaint for untimely filing. Similarly, in *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857 (10th Cir.1983), plaintiff was sent a letter by the district court clerk stating that it was "office policy" that the filing of plaintiff's right-to-sue letter tolled the limitation period until plaintiff obtained counsel. In the face of undisputed reliance by plaintiff on the statement, we found that plaintiff "did not sleep on his rights but diligently attempted to secure the services of an attorney until advised by the clerk to proceed pro se. He then promptly did so." *Id.* at 859. We therefore again reversed dismissal of the lawsuit.

By contrast, in *Johnson v. United States Postal Serv.*, 861 F.2d 1475 (10th Cir.1988), *cert. denied*, 493 U.S. 811, 110 S.Ct. 54, 107 L.Ed.2d 23 (1989), we noted that the plaintiff "was not actively misled or lulled into inaction" and that there had been no "false representation by any court, agency, or putative defendant." *Id.* at 1481. Accordingly, we held that equitable tolling was not merited. A similar ruling was made in *Scheerer v. Rose State College*, 950 F.2d 661, 665 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2995, 120 L.Ed.2d 872 (1992), based again upon the findings of no active deception or false representation directed at the plaintiff. In the case at bar, we likewise find that the plaintiff was not the victim of any active deception or false representation. She was notified that her IFP petition had been denied, but made no effort to pay the required filing fee for over five months. We reject the notion, under our precedents, that it triggers equitable tolling if the district court clerk's office does *not* advise plaintiff that the filing fee must be paid within a specified time. By filing an IFP petition, plaintiff demonstrated her knowledge that a filing fee is ordinarily required, absent the granting of pauper status. Once the IFP petition was denied, the burden was on the plaintiff to pay the filing fee. Congress has granted ninety days as a Title VII filing limitation, and the time is extended while the IFP petition pends, but only during that time. Extenuating facts which might warrant a brief additional period in which to pay the filing fee should be reviewed by the district court on a case-by-case basis. In a decision to which we shall return, *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984), the Supreme Court stated:

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. As we stated in *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 [100 S.Ct. 2486, 2497, 65 L.Ed.2d 532] (1980), "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

The propriety of equitable tolling must necessarily be determined on a case-by-case basis. *Gonzalez–Aller Balseyro,* 702 F.2d at 859. Under the facts before us, we conclude that equitable tolling is not available to this plaintiff, and that therefore the dismissal of the suit as untimely filed should be affirmed.

As a subsidiary argument, plaintiff notes that while her IFP petition was denied, her motion for appointment of counsel remained pending, contrary to the district court's statement in its order of May 22, 1992, until the motion was denied by the district court's order of October 20, 1992, in

which the misstatement was acknowledged. Plaintiff argues that a pending motion for appointment of counsel tolls the ninety-day limitation period, just as a pending IFP petition does. She cites *Brown v. J.I. Case Co.,* 756 F.2d 48 (7th Cir.1985) in support. In *Brown,* the plaintiff received the right-to-sue notice on July 27, 1981. He submitted to the district court on October 23, 1981, within the 90–day time limit, the right-to-sue notice, a request for court-appointed counsel and a request to proceed IFP. No form complaint was submitted to the court clerk. Almost two years later, on August 9, 1983, the district court denied the IFP request and did not rule on the request for appointed counsel. Plaintiff then filed a *pro se* complaint on September 9, 1983. The district court denied the request for counsel on November 2, 1983 and dismissed the complaint on December 12 of that year, ruling that the case was time-barred. The appellate court reversed, espousing "a general rule allowing a request for appointed counsel combined with presentation of a Notice of Right–to–Sue to toll the running of the ninety-day period until the court acts upon the counsel request." *Id.* at 50. The court also rejected the argument that the tolling ended upon denial of the IFP request, stating that such denial "did not guarantee nor even realistically foreshadow the subsequent denial of appointed counsel so as to render plaintiff's conduct dilatory or inequitable in any manner." *Id.* at 51. We have also reviewed the decisions cited within the *Brown* opinion and cited by the appellant herein. Without exception, *Harris v. National Tea Company,* 454 F.2d 307 (7th Cir. 1971), *Harris v. Walgreen's Distribution Center,* 456 F.2d 588 (6th Cir.1972), *Huston v. General Motors Corporation,* 477 F.2d 1003 (8th Cir.1973) and *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544 (5th Cir. 1978), involve factual situations, as does *Brown,* in which the plaintiff did not present a complaint for filing, but submitted certain preliminary documents to the court clerk along with a request for appointed counsel. In other words, the plaintiffs in those cases did not demonstrate the present ability to commence a lawsuit by filing a complaint, as Rule 3 requires. The courts which rendered the cited decisions, as a matter of equity,

chose to rule that the request for counsel tolled the limitation period until a ruling was made, in order to enable proper filing of a formal complaint. In *Huston,* the court stated that a layman "cannot be expected to file a formal complaint" within the then-limit of 30 days. 477 F.2d at 1008. In the case at bar, plaintiff did submit a form complaint, and therefore the case could have been formally commenced upon payment of the filing fee. While appointed counsel in a civil case is no doubt desirable to a plaintiff, it is not a constitutional right. *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir.1989). Granting of appointed counsel is not necessary for the litigation to proceed. The filing fee requirement, by contrast, is established by Congress as a prerequisite to a civil action and must be complied with, absent the granting of IFP status. We hold that the pending of a motion for counsel under these facts does not toll the ninety-day limitation period.

Such a ruling as the *Brown* court rendered is not mandatory even under its facts, for the reasons stated in *Bryant v. United States Department of Agriculture,* 967 F.2d 501, 504 (11th Cir.1992). In that case, the plaintiff also submitted preliminary documents, requests for IFP status and for counsel, but no formal complaint to the district court. The district court denied plaintiff's IFP request, but did not respond to her request for counsel. Plaintiff finally filed a pro se complaint which was dismissed as untimely under Title VII. The appellate court rejected the argument that the limitation period was tolled until a ruling on appointment of counsel. The court stated:

> Here, the district court denied Bryant leave to proceed in forma pauperis and there is nothing in the record that could lead Bryant to believe that the court was still considering her request for counsel. No inquiry was made of the court and there was not further communication that would indicate to the court that the plaintiff was willing to pay a filing fee and proceed with the litigation. Not until the formal complaint was filed thirteen months later is there any indication in the court file that the plaintiff was not dropping her suit because of a filing fee requirement.

We disagree with Bryant's contention that she was not required to take any further action after the filing of her motion. It is not unusual for plaintiffs who are denied in forma pauperis status to decide not to proceed with the litigation at their own expense. Assuming without deciding that the court order denying in forma pauperis status was not also an implicit refusal to appoint an attorney to represent Bryant under 28 U.S.C. § 1915(d), it is unreasonable to expect that the district court would still have that request under consideration without knowing whether plaintiff was willing to pay the costs of the litigation. Equity would require that Bryant take some action after the court's order of January 19, 1988, other than to continue her own private search for an attorney. We have found no case in which the actions or inactions of the plaintiff alone have provided a basis for the application of equitable tolling to a limitations period.

The district court below took a similar position in denying plaintiff's motion to reconsider. The author of the *Bryant* opinion is also the author of the *Wrenn* opinion. 575 F.2d 544. Thus, the Fifth and Eleventh Circuits apparently see no conflict between the two rulings. We also do not accept appellant's argument as to the implications of a statement in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). In that case, the Supreme Court rejected the notion that the filing of the right-to-sue letter alone commences a Title VII action. In dicta, the Court stated that "[t]his is not a case … where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, see *Harris v. Walgreen's Distribution Center*, 456 F.2d 588 (CA6 1972)". 466 U.S. at 151, 104 S.Ct. at 1726. If anything, the Court's use of "and" supports this court's view that the mere pendency of a motion for appointment of counsel is not sufficient to toll

the limitation period. The facts must be examined and any granting of equity must be made on a case-by-case basis. We have done so, and concluded in this case that equity does *not* justify tolling of the ninety-day limit.[4]

For the foregoing reasons, the district court's order of dismissal is AFFIRMED.

---

4. Plaintiff also argues that her mental condition affected her ability to proceed pro se, and has submitted to this court a Supplemental Appendix containing, among other things, a letter from a Dr. Roger Berlin, purportedly plaintiff's "treating psychiatrist." (Appellant's Reply Brief at 6). These documents were apparently not presented to the district court with plaintiff's original materials, but rather accompanied a motion to reconsider after judgment had been entered. As such, the presentation was not timely. *Cf. Mas Marques v. Digital Equip. Corp.*, 637 F.2d 24, 29 (1st Cir.1980). We decline to consider it.