**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 21 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JEFFREY TRUJILLO,

Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE; THE
HONORABLE MARTIN CHAVEZ,
Mayor of the City of Albuquerque;
PATRICK E. BINGHAM; GARY
WALL; BOB BROWN; ROBERT
REYES; BRUCE HICKS; JOHN
NEMITZ; DENNIS PRATT, in their
individual and official capacities,

Defendants-Appellees.

No. 97-2125
(D.C. No. CIV 95-1303 BB/LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jeffrey D. Trujillo, proceeding pro se, appeals the district court's orders disposing of his claims of employment discrimination based on national origin and disability, tort, and breach of contract. We affirm in part and reverse in part.

## BACKGROUND

The City of Albuquerque (the City) terminated Mr. Trujillo's employment on the grounds of chronic tardiness. After the termination was upheld in the City's grievance resolution process, Mr. Trujillo filed a charge of discrimination with the Equal Employment Opportunity Commission and, on July 31, 1995, received a right-to-sue letter. He then commenced this action in district court by submitting a request for in forma pauperis (IFP) status and a complaint, naming the City, a hearing officer, and various City employees as defendants. He alleged a Title VII claim of discrimination based on national origin, see 42 U.S.C. § 2000e-2, along with state tort and contract claims.

The district court clerk failed to either date-stamp these documents or enter their submission on the docket sheet. The IFP application bears the handwritten

date of October 27, 1995.  R. Vol. I, Doc. 2 at 3.  On November 6, Mr. Trujillo submitted another complaint that amended his allegations, but did not show that it was a second filing.  The clerk's office file-stamped the amended complaint with the November 6 date and docketed it as the initial filing in the case.  It was this document that was served on the defendants.  The district court granted the IFP application on November 7, 1995.

The City and the individual defendants filed motions to dismiss.  The district court dismissed all claims against the individual defendants.  As against the City, the district court allowed Mr. Trujillo's tort and contract claims to proceed.  Based on the filing date of November 6, however, it determined that the Title VII claim was time-barred, and dismissed the claim.  Subsequently, Mr. Trujillo added a claim of discrimination based on disability, in violation of the Americans with Disabilities Act, see 42 U.S.C. § 12112(a), and the Rehabilitation Act, see 29 U.S.C. § 794.  After taking Mr. Trujillo's deposition, the City moved for summary judgment on all remaining claims.  The district court granted the motion.

This appeal followed.  In preparing the record on appeal, the district court clerk's office realized that the November 6 filing date was incorrect, and changed the docket sheet to show an initial filing date of October 31.  The clerk did not

insert a notation explaining the selection of the October 31 date or an entry for the filing of the IFP application.

## DISCUSSION

We review the dismissal of a complaint de novo, "accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to plaintiff." Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996). We also review de novo the district court's grant of summary judgment on the merits. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Because Mr. Trujillo is appearing pro se, we will liberally construe his pleadings. See Whitney v. State of New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997).

We turn first to the dismissal of Mr. Trujillo's Title VII discrimination claim. Persons who intend to litigate a Title VII claim in district court must commence an action within the ninety-day period following receipt of the right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1). This limitations period is tolled, however, while a petition for in forma pauperis status is pending. See Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 259 (10th Cir. 1994). As we have previously stated, the rationale behind this concept of constructive filing is "obvious:"

> Suppose a litigant presents a complaint and IFP petition to the court clerk within the statute of limitation period, but the court clerk does not officially file the complaint. Then, the district court does not

-4-

rule on the IFP petition until after the limitation period. Even if pauper status is granted, the complaint will not be timely filed. Accordingly, to preserve the litigant's rights, courts have deemed the complaint "filed" upon presentation to the court clerk when accompanied by an IFP motion, so that the formal filing "relates back"--upon grant of pauper status--to the "lodging" of the complaint with the clerk. . . . The fiction is not troublesome when the IFP petition is granted; the complaint is filed and the case proceeds.

Id.

The present state of the record makes it impossible to discern whether the doctrine of constructive filing is applicable to this case. Mr. Trujillo alleged that he received notice of right to sue Tuesday, July 31, 1995, so that a complaint would be timely if filed on or before Monday, October 30, 1995. In its dismissal motion, the City asserted that the complaint was filed eight days late, based on the date of Monday, November 6, which was file-stamped on the service copy and entered on the docket sheet. Mr. Trujillo stated in his response that he had filed an amended complaint on November 6, but that he had lodged the initial complaint and an IFP application on Friday, October 27.

Without discussing Mr. Trujillo's contentions, the district court accepted November 6 as the filing date and dismissed the action. On appeal, the City concedes that the November 6 date is incorrect, but contends that we should uphold the district court's ruling. According to the City, we should rely on the corrected docket entry of October 31, which indicates that Mr. Trujillo was one day late in filing his complaint.

-5-

We decline to do so. We remand the matter to the district court to determine the date on which Mr. Trujillo first tendered the complaint and IFP application to the court. If he submitted these documents on or before October 30, 1995, then his filing was timely and the court is to conduct further appropriate proceedings. We have made no determination on the merits of Mr. Trujillo's Title VII discrimination claim.

We agree with the district court's orders dismissing the individual defendants and entering summary judgment in favor of the City. Dismissal of the hearing officer from the case on the grounds of absolute judicial immunity is appropriate. See Saavedra v. City of Albuquerque, 73 F.3d 1525, 1529-30 (10th Cir. 1996) (holding that City personnel hearing officer is entitled to absolute judicial immunity from liability arising from personnel decision). Moreover, the claims against the other individual defendants are properly dismissed for lack of specific allegations of wrongdoing.

In granting summary judgment in favor of the City, the district court ruled that (1) the City was immune from tort liability under the New Mexico Tort Claims Act for the allegedly wrongful discharge because Mr. Trujillo failed to provide the required notice of his claim within ninety days of the occurrence, see N.M. Stat. Ann § 41-4-16(A); (2) the City had no contract liability for its refusal to rehire Mr. Trujillo because, under the uncontested facts, the parties had not

agreed upon the terms of an employment contract, see Garcia v. Middle Rio Grande Conservancy Dist., 918 P.2d 7, 10 (N.M. 1996); and (3) the City could not be held responsible for disability discrimination because Mr. Trujillo had "never exhibited or notified anyone at the City he had any mental or physical disability." R., Vol. I, Doc. 53 at 2-3. After a careful review of the record, we have determined that the district court's summary judgment ruling is correct.

We AFFIRM the dismissal of the individual defendants and the entry of summary judgment in favor of the City on the tort, contract, and disability discrimination claims for substantially the same reasons stated in the district court's orders of dismissal and summary judgment. We REVERSE and REMAND the dismissal of Mr. Trujillo's Title VII discrimination claim for further proceedings consistent with this order and judgment. The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge