**Brian Matthew BRECKIN, Plaintiff,**

v.

**MBNA AMERICA, Defendant.**

**No. CIV.A. 98–174–JJF.**

United States District Court, D. Delaware.

Dec. 17, 1998.

David E. Wilks, Maron, Marvel & Wilks, P.A., Wilmington, DE, for Plaintiff.

Sheldon N. Sandler, Scott A. Holt, Young, Conaway, Stargatt & Taylor LLP, Wilmington, DE, for Defendant.

## *OPINION*

FARNAN, Chief Judge.

Presently before the Court is a Motion For Summary Judgment (D.I.16) filed by Defendant, MBNA America. In his Complaint, Plaintiff, Brian Matthew Breckin, contends that Defendant terminated his employment in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. In addition, Plaintiff's Complaint asserts a state law claim for slander. In the instant Motion, Defendant seeks summary judgment on the grounds that Plaintiff's ADA claim is barred by the applicable statute of limitations. For the reasons set forth below, the Court will grant Defendant's Motion For Summary Judgment.

## BACKGROUND

On or about September 16, 1996, Plaintiff was terminated from his employment with Defendant. Shortly thereafter, Plaintiff filed a discrimination charge with the Delaware Department of Labor ("DDOL"), claiming that Defendant discriminated against him on the basis of a disability. After conducting an investigation of Plaintiff's charge, the DDOL concluded that Plaintiff's discharge was not a result of any unlawful discrimination. On July 1, 1997, the Equal Opportunity Commission adopted the finding of the DDOL, dismissed Plaintiff's discrimination charge, and issued Plaintiff a right to sue letter. In conformity with the legal standard applicable to discrimination claims under the ADA, Title VII and the Age Discrimination in Employment Act ("ADEA"), the right to sue letter notified Plaintiff that any lawsuit based on the charges he raised must be filed within 90 days of his receipt of the letter.

On September 26, 1997, approximately 87 days after the issuance of his right to sue letter, Plaintiff submitted a Complaint and Application To Proceed In Forma Pauperis ("IFP") to the Clerk of the District Court for the District of Delaware. On December 18, 1997, the Court issued an Order concluding that Plaintiff was able to pay the $150.00 filing fee and denying Plaintiff's IFP application.

After receiving the Court's Order, Plaintiff contacted the Clerk's Office and was informed that he was required to remit the filing fee. On April 6, 1998, 109 days after the Court denied his IFP application and 279 days after his right to sue letter was issued, Plaintiff paid the filing fee to the Clerk's Office.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment where "the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The parties in the instant action have indicated to the Court, that the material facts underlying Defendant's Motion For Summary Judgment are not in dispute. Because there is no genuine issue of material fact, the Court will turn to the legal questions raised by the Motion.

## I. Plaintiff's ADA Claim

### A. *The Statute of Limitations*

In considering the application of the statute of limitations in this case, the Court is presented with an issue of first impression in this circuit. Particularly, the Court is asked to address the question of whether, in an ADA action, where the Court denied Plaintiff's timely filed IFP application, and Plaintiff paid the filing fee over 90 days following the Court's denial of IFP, Plaintiff's Complaint is barred by the statute of limitations.

In addressing this question in the context of Title VII litigation, the Court of Appeals for the Sixth, Seventh and Tenth Circuits have concluded that the applicable statute of limitations period of 90 days begins to run again once a plaintiff's IFP application is denied. *See Truitt v. County of Wayne,* 148 F.3d 644 (6th Cir.1998), *Williams–Guice v. Bd. of Educ. of City of Chicago,* 45 F.3d 161 (7th Cir.1995), *Jarrett v. US Sprint Communications, Inc.,* 22 F.3d 256 (10th Cir.1994). In so holding, these courts have dismissed, as untimely, complaints in which the filing fee

was paid more than 90 days after the denial of IFP.

For example, in *Jarrett*, the Seventh Circuit affirmed the dismissal of a Title VII claim, where the plaintiff failed to pay the requisite filing fee for over five months after the IFP application was denied. In *Jarrett*, the plaintiff submitted a complaint and application to proceed IFP on October 25, 1990 and the district court denied pauper status on October 29, 1990. More than five months later, on April 11, 1991, the plaintiff paid the filing fee. In concluding that the formal filing of April 11, 1991 did not relate back to the constructive filing of October 5, 1990, the court stated that "the mere filing of an IFP motion should not permit a litigant to more than double the amount of time established by Congress for the commencement of a Title VII action." 22 F.3d at 259.

In opposing Defendant's Motion, Plaintiff's urge the Court to apply the concept of constructive filing to Plaintiff's Complaint. Plaintiff's rely upon the Court of Appeals for the Third Circuit's decision in*McDowell v. Delaware State Police,* for the proposition that a complaint is deemed constructively filed as of the date that the clerk received the complaint, as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed in forma pauperis. 88 F.3d 188, 190 (3d Cir. 1996). However, the Court concludes that*McDowell* is distinguishable from the instant case.

Although dicta in *McDowell* suggests that the concept of constructive filing applies once a plaintiff ultimately pays a filing fee, the *McDowell* court was not faced with such a scenario, and therefore, the holding in *McDowell* is more limited than Plaintiff suggests. In *McDowell,* the district court granted plaintiff's request to proceed in forma pauperis, and therefore, the Third Circuit concluded that the granting of IFP related back to the date the complaint was constructively filed with the clerk, so that the complaint was deemed timely filed. *Id.* at 190. Indeed, to hold otherwise under such facts would penalize a plaintiff for what amounted to the Court's delay in ruling on an IFP application. However, in the instant case, the Court did not grant Plaintiff's IFP application. Rather, the Court denied the application, and in so doing, returned the burden of remitting the filing fee to the Plaintiff. As Plaintiff admitted during his deposition, Plaintiff knew that he was required to remit the fee, yet Plaintiff waited 103 days after his IFP application was denied to pay the filing fee.

Moreover, the instant case raises policy considerations, which were not present in the *McDowell* case. In *McDowell* the plaintiff brought his claim pursuant to 42 U.S.C. § 1983, and as such, was subject to a statute of limitations period prescribed by the common law. In the instant case, however, Plaintiff's claim under the ADA is subject to a congressionally imposed limitations period. As the United States Supreme Court stated in *Mohasco Corp v. Silver,* "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law." 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). In this case, to allow the date of Plaintiff's payment of the filing fee to relate back to the date he submitted his Complaint, would essentially allow Plaintiff more than twice the amount of time specified by Congress for the filing of a lawsuit under the ADA. Given the strict procedural requirement imposed by the legislature and the general deference of the Supreme Court to the requirement in this area, the Court declines to permit a result that would distort the limitations period. *See e.g. Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."), *Mohasco Corp.,* 447 U.S. at 826, 100 S.Ct. 2486 (stressing adherence to congressionally imposed limitations period and holding that submitting a right to sue letter did not satisfy requirement that complaint be filed within 90 days and that later filed complaint did not relate back).

### B. *The Doctrine Of Equitable Tolling*

To the extent that the doctrine of equitable tolling could be applied to toll the statute of limitations until Plaintiff paid the filing fee, so that Plaintiff's Complaint could be deemed timely, the Court concludes that application of the doctrine is not warranted under these facts. In *Oshiver v. Levin, Fishbein, Sedran & Berman,* the Third Circuit set forth three narrow circumstances in which the doctrine of equitable tolling may be applicable: (1) where the defendant has actively misled the plaintiff, (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. 38 F.3d 1380, 1391–92 (3d Cir.1994). In the subsequent case of *Robinson v. Dalton,* the court reiterated these factors and cautioned that equitable tolling should not be "converted from a remedy available only sparingly and in extraordinary situations into one that can be readily invoked by those who have missed carefully drawn deadlines." 107 F.3d 1018, 1023 (3d Cir.1997).

■ In this case, Plaintiff has neither raised any of the situations described in *Oshiver,* nor any other circumstances that justify equitable tolling. Once Plaintiff's IFP application was denied, Plaintiff knew that he was required to remit the filing fee, yet he allowed 103 days to pass before paying the fee. The Court received no correspondence from Plaintiff during this time. When asked during his deposition why Plaintiff waited until April 6, 1998 to pay the filing fee, Plaintiff stated that he "had a lot of other issues going on like trying to find a job," that he was having financial problems, and that he believed that he was proceeding as "fast as [he] ... could." (D.I. 17 at A37–38). Although the Court can empathize with Plaintiff's plight, the Court concludes that such circumstances are insufficient to warrant the application of equitable tolling. *See Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616 (3d Cir.1998)(holding that "excusable neglect" is insufficient to justify equitable tolling); *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748, 753 (3d Cir.) (holding that plaintiff's personal problems did not amount to extraordinary circumstances necessary to toll limitations period), *cert. denied,* 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983).

In sum, the Court concludes that, under the circumstances present here, the doctrines of "constructive filing" and "equitable tolling" are inapplicable to Plaintiff's Complaint. Accordingly, the Court concludes that Plaintiff's Complaint is barred by the applicable statute of limitations.

### II. State Law Claim of Slander

■ In addition to Plaintiff's ADA claim, Plaintiff alleges a state law claim of slander. Because the Court has dismissed Plaintiff's sole federal claim, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. *See Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir.1995) (recognizing that "if federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well").

### CONCLUSION

For the reasons discussed, Defendant's Motion For Summary Judgment will be granted.

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 17 day of December 1998, for the reasons set forth in the Opinion issued this date;

IT IS HEREBY ORDERED that Defendant's Motion For Summary Judgment (D.I.16) is GRANTED.