**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD L. CALVERT,

　　　　　Plaintiff-Appellant,

v.

ROADWAY EXPRESS, INC.,

　　　　　Defendant-Appellee.

No. 01-1162
(D.C. No. 00-B-294)
(D. Colo.)

ORDER AND JUDGMENT  *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Ronald L. Calvert, proceeding pro se on appeal and in the district court, appeals the district court's dismissal of his complaint charging his former employer with employment discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, and disability discrimination, in violation of the Americans with Disabilities Act. The district court granted defendant's motion to dismiss all claims for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), on the ground that Mr. Calvert failed to file his federal complaint within the ninety-day filing deadline imposed by 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 12117(a) (which expressly adopts Title VII filing deadline for ADA claims). We reverse the district court's dismissal and remand for further proceedings.

Title VII requires a plaintiff claiming discrimination in employment to file his complaint within ninety days of receipt of a right-to-sue letter from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5(f)(1). The ninety-day filing deadline is a condition precedent to suit, rather than a jurisdictional prerequisite. *Jarrett v. US Sprint Communications Co.*, 22 F.3d 256, 259-60 (10th Cir. 1994). It operates like a statute of limitations and is subject to estoppel, waiver and equitable tolling. *Id.* "The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice, making that date

a material fact." *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998) (citation omitted).

Mr. Calvert alleged in his complaint that he received the right-to-sue letter on November 2, 1999. He presented his complaint and a motion to proceed in forma pauperis (IFP) to the district court on February 1, 2000. The pleadings were stamped by the clerk of the district court as "received" on February 1, 2000. The court granted the IFP motion on March 6, 2000. On February 9, 2000, the court directed Mr. Calvert to cure a filing deficiency and directed the clerk to file the complaint and commence the action. After defendant moved to dismiss, Mr. Calvert filed an unauthorized surreply in which he asserted that he received the right-to-sue letter on November 4, 1999. The district court found that the complaint was not "filed" until February 9, 2000. Thus, even though the court considered the unauthorized surreply, the time between November 4, 1999 and February 9, 2000–ninety-seven days–exceeded the limitations period.

In dismissing Mr. Calvert's complaint under Rule 12(b)(1) for lack of subject-matter jurisdiction, the district court properly exercised its "wide discretion to allow affidavits [and] other documents" to resolve underlying facts bearing on jurisdiction. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quotation omitted). We review the district court's findings of jurisdictional facts for clear error. *Id.* We review the dismissal de novo. *Id.* We

construe Mr. Calvert's pleadings liberally because he appears pro se. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint is deemed "'filed' upon presentation to the court clerk when accompanied by an IFP motion, so that the formal filing 'relates back' – upon grant of pauper status – to the 'lodging' of the complaint with the clerk." *Jarrett*, 22 F.3d at 259. Here, the complaint, accompanied by an IFP motion, was presented to the district court on February 1, 2000. Therefore, when the IFP motion was granted, the filing date related back to February 1, 2000.

Defendant argues that Mr. Calvert's statement that he received the right-to-sue letter on November 2, rather than on November 4, is binding. As the district court noted, Mr. Calvert failed to request leave of court to file his surreply claiming the November 4 date. Nevertheless, the district court considered the surreply, which was within its discretion. The district court did not, however, make a finding of fact as to the date Mr. Calvert received the letter.

Based on this record, we decline to hold that this situation is similar to cases in which a party attempts to create a sham fact issue, as defendant argues. *See Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.*, 131 F.3d 874, 893-94 (10th Cir. 1997) (factors to consider in assessing attempt to create sham fact issue include whether affiant was cross-examined, whether he had access to evidence at time of earlier statement, whether evidence is newly-discovered, and

whether later statement attempts to resolve confusion in earlier statement). Moreover, the certificate on the right-to-sue letter indicating that it was *mailed* on November 2, 1999, may entitle Mr. Calvert to a presumption that he did not receive it until a few days later. *See, e.g., Lozano v. Ashcroft*, 258 F.3d 1160, 1164-65 (10th Cir. 2001) (collecting cases; recognizing mailing-time presumption of three or five days for receipt of right-to-sue letter).

In sum, the filing date for the complaint related back to February 1, 2000. The case is remanded for a finding of when Mr. Calvert received the right-to-sue letter. If the district court determines that Mr. Calvert received the right-to-sue letter on November 4, 1999, the complaint was filed eighty-nine days after receipt of the right-to-sue letter, and was timely. If, on the other hand, the district court determines that Mr. Calvert received the letter on November 2, 1999, the complaint was filed outside the ninety-day statute of limitations, and is subject to dismissal.

REVERSED and REMANDED for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-5-