**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 31, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ISSIAKA I. NAMOKO,

　　　　Plaintiff - Appellant,

v.

MILGARD MANUFACTURING
INCORPORATED,

　　　　Defendant - Appellee.

No. 07-1171

(D. Colorado)

(D.C. No. 06-cv-2031-WDM-MEH)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

　　　　Issiaka Namoko appeals pro se from the district court's dismissal of his Title VII complaint as barred by the statute of limitations. We conclude that his complaint was timely because under the peculiar facts of this case, the limitations period should have been tolled during the pendency of his application to proceed *in forma pauperis*. We agree with the district court, however, that his claims

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

arising out of a prior consent decree were improper in this case. We therefore affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

On December 11, 2005, Mr. Namoko filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC). He alleged that Milgard Manufacturing, Inc. (Milgard) had unlawfully refused to hire him based on his race, color, and national origin. He received a notice of right to sue on June 29, 2006.

On July 28, 2006, Mr. Namoko submitted to the United States District Court for the District of Colorado both a complaint and an amended complaint. On August 3, per order of the magistrate judge, the court clerk commenced a civil action, filing both complaints under case number 06-cv-1512. The order also directed Mr. Namoko to cure deficiencies in his pleadings, giving him 30 days to resubmit his complaint on the proper form and to submit either a filing fee or an application for leave to proceed *in forma pauperis* (IFP). In response to this order, Mr. Namoko on September 1, 2006, submitted a third draft of the complaint and an IFP motion and affidavit. Although the new complaint was on the proper form, the district court dismissed it without prejudice on September 15, 2006, because the form containing his IFP motion and affidavit was missing a page.

On September 29, 2006, Mr. Namoko submitted his fourth draft of the complaint and a new IFP application with a motion requesting reconsideration of

the district court's decision to dismiss the earlier complaints, or, in the alternative, requesting that the court file the new complaint with "a new case number." Mot. for Recons., No. 06-cv-1512, Sept. 29, 2006. In an order dated October 11, 2006, the court construed the motion as a motion under Federal Rule of Civil Procedure 59(e), which it denied, and commenced a new civil action. The new case number was No. 06-cv-2031. The October 11 order was filed and docketed on October 12 in both case numbers 06-cv-1512 and 06-cv-2031. The fourth complaint and the IFP application were filed in No. 06-cv-2031 on October 12.

The complaint alleged the following: When Mr. Namoko called to check the status of employment applications that he had filed with Milgard, Milgard employees made fun of him, mimicked his accent, placed him on hold indefinitely, and hung up on him. When he arrived in person, he was asked to leave. In contrast, applicants of other races were treated with respect, were permitted to meet with human resources personnel, and were offered jobs "automatically." R. Vol. I Doc. 3 at 3–4. The complaint stated that Mr. Namoko had received his right-to-sue notice from the EEOC on June 29, 2006. It also mentioned a consent decree entered in Colorado federal district court in May 2004 in a case brought by the EEOC against Milgard. The complaint alleged that he was an "approve[d] class member," *id*. at 6, and sought a fairness hearing, as provided in the consent decree.

-3-

On December 28, 2006, Milgard filed a Motion to Dismiss, or in the Alternative, Motion to Strike (Milgard's Motion). First, it sought dismissal of Mr. Namoko's complaint as time-barred. Title VII of the Civil Rights Act of 1964 gives an aggrieved person 90 days from the date of receiving the right-to-sue notice to file a complaint. *See* 42 U.S.C. § 2000e-5(f)(1). Milgard argued that because Mr. Namoko had received the right-to-sue notice on June 29, 2006, he had until September 27, 2006, to file the lawsuit; so the complaint submitted on September 29 and filed on October 12 was too late. In the alternative, Milgard's Motion asked the district court to strike the portions of the complaint relating to the consent decree. Insofar as Mr. Namoko sought a fairness hearing afforded by the consent decree, asserted Milgard, he could submit a petition in the case in which the decree was entered.

On January 4, 2007, Mr. Namoko filed a response apparently asserting (the response is difficult to comprehend) that his complaint had been filed within 90 days after he received the right-to-sue notice, but he did not contradict the statement in his complaint that he had received the right-to-sue notice on June 29, 2006. Mr. Namoko also opposed the motion to strike and argued that he was entitled to a hearing because Milgard was not complying with the consent decree.

The magistrate judge recommended that Milgard's Motion be granted because Mr. Namoko's complaint was untimely. The magistrate judge explained that Mr. Namoko was not entitled to tolling of the 90-day limitations period,

-4-

because the earlier lawsuit (No. 06-cv-1512) did not toll the limitations period and there was no evidence that Milgard had engaged in any wrongdoing that would entitle Mr. Namoko to equitable tolling. The magistrate judge recommended in the alternative that Mr. Namoko's allegations regarding the consent decree be stricken as immaterial to his Title VII complaint. On April 6, 2007, the district court issued an order accepting the magistrate judge's recommendation on Milgard's Motion. Mr. Namoko filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

Mr. Namoko's brief on appeal is very difficult to understand. Much of it appears to relate to his claims arising out of the consent decree. Also, he seems to argue that his Rule 59(e) motion in case No. 06-cv-1512 was timely and should have been granted.

As for any claims that Mr. Namoko may have arising out of the consent decree, he must file a pleading in the case in which it was entered, because the court in that case has sole jurisdiction to enforce the consent decree. *See Figures v. Bd. of Pub. Utils. of Kansas City, Kan.*, 967 F.2d 357, 361 (10th Cir. 1992). We therefore affirm the district court's decision insofar as it dismisses all claims arising out of the consent decree.

Turning to the timeliness of Mr. Namoko's complaint in this case, we agree with the district court that the complaint was not filed within 90 days of the right-

to-sue notice. The sole issue is whether Mr. Namoko is entitled to equitable tolling. Although Mr. Namoko's briefs are particularly difficult to understand, he has argued, both before us and during district-court proceedings, his belief that his filings were timely. Aware of this, the magistrate judge expressly considered the question whether his suit could be saved by application of the doctrine of equitable tolling. So did the district court. Mindful of our obligations to pro se litigants, we follow suit. In doing so, we note that, on notice of the potential applicability of equitable tolling, Milgard had the opportunity to address the question both before the district court and our own, and it has done so at length.

We have held that the limitations period is tolled in a Title VII case while an IFP application is pending before the district court. *See Jarrett v. US Sprint Commc'ns Co.*, 22 F.3d 256, 259 (10th Cir. 1994). Here, unlike in *Jarrett*, the period that would be tolled—from the submission of the IFP application on September 1, 2006, until denial of the application on September 15—was in an earlier case, not the case dismissed with prejudice as untimely. But the ultimately accepted request for IFP was submitted in the original case, albeit with a motion for reconsideration. If the district court had granted that request in the original case, *Jarrett* would have required tolling and the complaint submitted on September 29, 2006, would have been timely. (The 90-day period would have expired on September 27, 2006, but the period was tolled from September 1 to September 15 while the IFP application was pending before the court.) We do not

-6-

think that Mr. Namoko's fourth complaint should be rendered untimely simply because the district court exercised its discretion to order that it be filed in a new case rather than in the one in which it was originally submitted. We therefore conclude that Mr. Namoko's complaint was timely. We need not address Mr. Namoko's contentions regarding discovery, because they can be revisited on remand.

## III.  CONCLUSION

We AFFIRM the district court's ruling striking the claims of the complaint arising out of the consent decree, REVERSE the court's dismissal of Mr. Namoko's lawsuit as untimely, and REMAND for further proceedings.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge