**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1101

LESLIE J. MCGILL,

Plaintiff, Appellant,

v.

U.S. EXPRESS TRUCK COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Boudin, Circuit Judges.

Leslie J. McGill on brief pro se.
H. Andrew Matzkin and Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo, P.C. on brief for appellee.

September 3, 2008

**Per Curiam**.  Pro se appellant Leslie J. McGill seeks review of the dismissal of her employment discrimination complaint against her previous employer, appellee U.S. Express Truck Co. of Ohio.  The district court dismissed McGill's amended complaint as time-barred and denied her motion to amend as futile.  As the following discussion will show, McGill's timely-filed *in forma pauperis* ("IFP") motion and application tolled the statute of limitations.

There is no dispute that McGill filed (and the clerk docketed) her original complaint and IFP application on August 10, 2007, before the expiration of the 90-day limitations period for filing a complaint following receipt of the EEOC right to sue letter.[1]  42 U.S.C. § 2000e-(5)(f)(1) (Title VII) and 29 U.S.C. § 626(e) (Age Discrimination in Employment Act).  On September 5, 2007, the district court denied McGill's IFP application (without prejudice) because it was incomplete, and it ordered her to file a new application or pay the filing fee within 35 days.  Two days later, McGill filed a new IFP application and an amended complaint. The district court granted the new IFP application on September 12, 2007.

---

[1]  Although the record does not indicate when McGill received the EEOC right to sue letter, assuming that she received it in the mail three days after it was issued, the 90-day limitations period began on May 18, 2007, the day after receipt.  Fed. R. Civ. P. 6(a), (d).  At the earliest, therefore, the limitations period expired on August 15, 2007.

Appellee moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). After hearing on this motion on December 11, 2007, the district court gave McGill 30 days in which to seek leave to further amend her complaint, apparently to prove that she had exhausted her administrative remedies. That same day, McGill filed a "second amended complaint" to which was attached a copy of her EEOC right to sue letter, dated May 14, 2007.

Treating this pleading as a motion for leave to amend, appellee filed its opposition, arguing that leave should be denied and the case should be dismissed. According to appellee, McGill's complaint could not be considered "filed" until she submitted a proper and complete IFP application, and this she had failed to do until September 7, 2007, well after the 90-day limitations period had expired in mid-August. The district court agreed. It denied the motion for leave to amend as "futile" and summarily dismissed the case.

In this circuit, "advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit." Casanova v. Dubois, 304 F.3d 75, 80 (1st Cir. 2002); Bolduc v. United States, 189 F. Supp. 640 (D. Me. 1960). Where an IFP application is subsequently granted, the complaint is deemed timely filed if it was presented to the court along with the IFP motion within the limitations period. Williams-Guice v. Board of Educ., 45

F.3d 161, 163 (7th Cir. 1995); <u>Jarrett</u> v. <u>U.S. Sprint Communications Co.</u>, 22 F.3d 256, 259 (10th Cir. 1994).

The filing of the IFP application tolled the limitations period until the court ruled on it. <u>Jarrett</u>, 22 F.3d at 259. When the court denied the original IFP application, it did so without prejudice and it gave McGill 35 days in which to file a new application or pay the filing fee. Instead, she filed her new application in two days. Assuming that the limitations period started running again on the day the first IFP application was denied, three more days still remain on the clock. Thus both McGill's original complaint and her ultimately successful IFP application were filed within the limitations period.

Even if the district court had denied McGill's amended IFP application, she would have been entitled to a reasonable time in which to pay the filing fee. <u>Williams-Guice</u>, 45 F.3d at 163 (15 days); <u>Jarrett</u>, 22 F.3d at 259 (reasonable grace period permitted). There is simply no basis in this record for dismissing McGill's complaint as time-barred.

**<u>Vacated and remanded</u>**. **<u>Costs shall be taxed in favor of appellant</u>**. Fed. R. App. P. 30(a)(4).